UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGINALD W. WHATLEY,<br><br>          Plaintiff,<br><br>v.<br><br>S. ARCINIEGA; DANIEL PARAMO; G. STRATTON; S. DAVIS,<br><br>          Defendants. | Case No. 3:15-cv-02632-BAS-RBB<br><br>**ORDER:**<br><br>**(1) DISMISSING CLAIMS AND DEFENDANTS FOR FAILURE TO STATE A CLAIM; AND**<br><br>**(2) DIRECTING UNITED STATES MARSHAL SERVICE TO EFFECT SERVICE OF FIRST AMENDED COMPLAINT** |

**I. Procedural History**

On November 23, 2015, Reginald W. Whatley ("Plaintiff"), currently incarcerated at Richard J. Donovan Correctional Facility ("RJD") in San Diego, California, and proceeding pro se, filed a civil rights complaint ("Compl.") pursuant to 42 U.S.C. § 1983 (ECF No. 1). Plaintiff did not prepay the civil filing fee required by 28 U.S.C. § 1914(a) when he filed his Complaint; instead, he filed a certified copy of his inmate trust account statement which the Court construed as a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) (ECF No. 2).

/ / /

On February 5, 2016, the Court GRANTED Plaintiff's Motion to Proceed IFP but simultaneously DISMISSED his Complaint for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2) & § 1915A (ECF No. 5). On March 31, 2016, Plaintiff filed his First Amended Complaint ("FAC").

## II. Sua Sponte Screening per 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)

### A. Standard of Review

As the Court stated in its previous Order, notwithstanding Plaintiff's IFP status or the payment of any filing fees, the Prison Litigation Reform Act ("PLRA") requires the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Under these statutes, the Court must sua sponte dismiss any complaint, or any portion of a complaint, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)).

All complaints must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" falls short of meeting this plausibility standard. *Id.; see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

/ / /

"When there are well-pleaded factual allegations, a court should assume their veracity, and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679; *see also Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) ("[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff."); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)").

However, while the court "ha[s] an obligation where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt," *Hebbe v. Pliler*, 627 F.3d 338, 342 & n. 7 (9th Cir. 2010) (*citing Bretz v. Kelman*, 773 F.2d 1026, 1027 n. 1 (9th Cir. 1985)), it may not "supply essential elements of claims that were not initially pled." *Ivey v. Board of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). "Vague and conclusory allegations of official participation in civil rights violations" are simply not "sufficient to withstand a motion to dismiss." *Id.*

### B.     42 U.S.C. § 1983

"Section 1983 creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (internal quotation marks and citations omitted). "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

### C.     Claims against Arciniega

As currently pleaded, the Court finds the Eighth Amendment claims against Defendant Arciniega are sufficient to survive the "low threshold" for proceeding past the

sua sponte screening required by 28 U.S.C. §§ 1915(e)(2) and 1915A(b). *See Wilhelm v. Rotman*, 680 F.3d 1113, 1123 (9th Cir. 2012); *Farmer v. Brennan*, 511 U.S. 825, 832-33, 837 (1994) (Eighth Amendment requires prison officials to take reasonable measures to guarantee the safety of inmates, and has been interpreted to include the affirmative duty to protect prisoners from serious risks of harm).

Here, Plaintiff claims that Defendant Arciniega made statements in front of other inmates with the intent of provoking violence against Plaintiff. Arciniega allegedly said to Plaintiff in front of other inmates "why don't you tell your buddies what you in prison for[;] it's some foul shit," and later told inmates that Plaintiff was in prison for child molestation. Other inmates then began calling Plaintiff a "'chester' every day on the yard everywhere" causing Plaintiff to fear violence from other inmates. (*See* FAC at 14.)

An Eighth Amendment failure to protect claim requires the plaintiff to show that an "official's act or omission . . . cause[d] 'a substantial risk of serious harm,'" and that the official was "subjectively aware of that risk," yet acted with "'deliberate indifference to inmate health or safety.'" *Cortez v. Skol*, 776 F.3d 1046, 1050 (9th Cir. 2015) (quoting *Farmer*, 511 U.S. at 834). A defendant may have the requisite knowledge of an actual risk to an inmate's safety "from the very fact the risk was obvious." *Farmer*, 511 U.S. at 842. The Ninth Circuit has acknowledged, in the context of a due process claim, that "[w]e can hardly conceive of a state's action bearing more 'stigmatizing consequences' than the labelling of a prison inmate as a sex offender." *Neal v. Shimoda*, 131 F.3d 818, 829 (9th Cir. 1997); *see also Valandingham v. Bojorquez*, 866 F.2d 1135, 1138 (9th Cir. 1989) (deliberately labeling a prisoner as a snitch in the presence of other inmates may state a claim for violation of right to be protected from violence while in state custody). In this case, Plaintiff contends that Arciniega was aware of the risk that his statements presented for Plaintiff's safety, and that Arciniega intended for his statements to provoke violence against Plaintiff. The Court finds this is sufficient to state a claim under the Eighth Amendment.

Accordingly, the Court will direct the U.S. Marshal to effect service on Plaintiff's

behalf. *See* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) ("[T]he court may order that service be made by a United States marshal or deputy marshal . . . if the plaintiff is authorized to proceed *in forma pauperis* under 28 U.S.C. § 1915.").

### D. Claims against Defendants Paramo, Stratton and Davis

Plaintiff seeks to hold Defendants Stratton and Davis liable because they allegedly failed to interview one of Plaintiff's witnesses and this resulted in an unfavorable response to Plaintiff's grievance. (*See* FAC 12-13.) To the extent that Plaintiff is alleging that this violates his Eighth Amendment rights, he fails to state a claim. Merely responding unfavorably to a grievance does not necessarily rise to the level of being "deliberately indifferent" to a serious risk of harm. *Peralta v. Dillard*, 744 F.3d 1076, 1085 (9th Cir. 2014) (citing *Farmer v. Brennan,* 511 U.S. 825, 837 (1994) (Prison officials must be "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.")). There are no facts alleged that show that either Stratton or Davis were personally aware of any substantial risk of serious harm to Plaintiff.

To the extent that Plaintiff is alleging that the failure to interview a specific witness and adequately address the claims within his grievance violates his Fourteenth Amendment due process rights, he has failed to state a claim. While the Fourteenth Amendment provides that "[n]o state shall . . . deprive any person of life, liberty, or property, without due process of law," U.S. Const. amend. XIV, § 1, "[t]he requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property." *Board of Regents v. Roth*, 408 U.S. 564, 569 (1972). State statutes and prison regulations may grant prisoners liberty or property interests sufficient to invoke due process protection. *Meachum v. Fano*, 427 U.S. 215, 223-27 (1976). However, to state a procedural due process claim, Plaintiff must allege: "(1) a liberty or property interest protected by the Constitution; (2) a deprivation of the interest by the government; [and] (3) lack of process." *Wright v.*

*Riveland*, 219 F.3d 905, 913 (9th Cir. 2000).

The Ninth Circuit has held that prisoners have no protected property interest in an inmate grievance procedure arising directly from the Due Process Clause. *See Ramirez v. Galaza,* 334 F.3d 850, 869 (9th Cir. 2003) ("[I]nmates lack a separate constitutional entitlement to a specific prison grievance procedure") (citing *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988) (finding that the due process clause of the Fourteenth Amendment creates "no legitimate claim of entitlement to a [prison] grievance procedure")). Even the non-existence of, or the failure of prison officials to properly implement, an administrative appeals process within the prison system does not raise constitutional concerns. *Mann*, 855 F.2d at 640.

In addition, Plaintiff has failed to plead facts sufficient to show that Defendants Davis and Stratton deprived him of a protected liberty interest by allegedly failing to respond to his particular prison grievance in a satisfactory manner. While a liberty interest can arise from state law or prison regulations, *Meachum*, 427 U.S. at 223-27, due process protections are implicated only if Plaintiff alleges facts to show that Defendants: (1) restrained his freedom in a manner not expected from his sentence, and (2) "impose[d] atypical and significant hardship on [him] in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). Here, Plaintiff pleads no facts to suggest how Defendants' allegedly inadequate review or failure to consider inmate grievances restrained his freedom in any way, or subjected him to any "atypical" and "significant hardship." *Id.* at 483-84.

Moreover to the extent that Plaintiff seeks to hold Defendants Paramo, Stratton and Davis liable in their supervisory capacities, the claims against these Defendants must be dismissed. "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676; *see also Jones v. Cmty. Redev. Agency of City of Los Angeles,* 733 F.2d 646, 649 (9th Cir. 1984) (even pro se plaintiffs must "allege with at least some degree of particularity overt acts which

defendants engaged in" to state a claim).

Plaintiff's FAC fails to allege sufficient factual allegations as to what these Defendants personally did, or failed to do, to violate Plaintiff's constitutional rights. *Iqbal*, 556 U.S. at 678 (noting that Fed. R. Civ. P. 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation," and that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'") (quoting *Twombly*, 550 U.S. at 555, 570).

Plaintiff's pleading must include sufficient "factual content which allows the court to draw the reasonable inference that the [defendant is] liable for the misconduct alleged," *Iqbal,* 556 U.S. at 678, and he must describe personal acts by each Defendant showing a direct causal connection to a violation of specific constitutional rights. *Maxwell v. County of San Diego*, 708 F.3d 1075, 1086 (9th Cir. 2013) (citing *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989)). "Causation is, of course, a required element of a § 1983 claim." *Estate of Brooks v. United States*, 197 F.3d 1245, 1248 (9th Cir. 1999). "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (citing *Rizzo v. Goode*, 423 U.S. 362, 370-71 (1976)).

A supervisor is only liable for the constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and with deliberate indifference failed to prevent them. *Maxwell*, 708 F.3d at 1086. For all these stated reasons, the Court finds that Plaintiff's claims against Paramo, Stratton and Davis are insufficient to state a § 1983 claim, and must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1). *See Lopez*, 203 F.3d at 1126-27; *Rhodes*, 621 F.3d at 1004.

### III. Conclusion and Order

For the foregoing reasons, the Court **ORDERS** the following:

1. The claims against Defendants Paramo, Stratton and Davis are **DISMISSED**

for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Furthermore, this dismissal will be **WITH PREJUDICE** as Plaintiff has already been given an opportunity to amend the complaint, and granting leave to amend would not cure the deficiencies noted. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011); *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009). The Clerk of Court is directed to terminate Defendants Paramo, Stratton and Davis from the Court's docket.

2.  The Clerk is **DIRECTED** to issue a summons as to Plaintiff's First Amended Complaint (ECF No. 6) upon Defendant **Arciniega** and forward it to Plaintiff along with a blank U.S. Marshal ("USM") Form 285. In addition, the Clerk is directed to provide Plaintiff with a certified copy of the Order granting Plaintiff's motion to proceed IFP, a certified copy of his First Amended Complaint (ECF No. 6), and the summons so that he may serve the named Defendant. Upon receipt of this "IFP Package," Plaintiff is directed to complete the Form 285 as completely and accurately as possible, and to return it to the United States Marshal according to the instructions provided by the Clerk in the letter accompanying his IFP package.

3.  Upon receipt, the U.S. Marshal is **ORDERED** to serve a copy of the First Amended Complaint and summons upon the named Defendant as directed by Plaintiff on the USM Form 285. All costs of service will be advanced by the United States. *See* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3).

4.  Defendant is thereafter **ORDERED** to reply to Plaintiff's First Amended Complaint within the time provided by the applicable provisions of Federal Rule of Civil Procedure 12(a). *See* 42 U.S.C. § 1997e(g)(2) (while a defendant may occasionally be permitted to "waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983," once the Court has conducted its sua sponte screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), and thus, has made a preliminary determination based on the face on the pleading alone that Plaintiff has a "reasonable opportunity to prevail on the merits," the defendant is required

to respond).

5. Plaintiff must serve upon the Defendant or, if appearance has been entered by counsel, upon Defendant's counsel, a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff must include with the original paper to be filed with the Clerk of the Court, a certificate stating the manner in which a true and correct copy of the document was served on the Defendant, or counsel for Defendant, and the date of that service. Any paper received by the Court which has not been properly filed with the Clerk, or which fails to include a Certificate of Service, may be disregarded.

**IT IS SO ORDERED**

**DATED: April 26, 2016**

Hon. Cynthia Bashant
United States District Judge